IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1728-WJM-KMT

MARKEL INSURANCE COMPANY,

    Plaintiff,

v.

EDWARD HOLLANDSWORTH,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

In this insurance dispute, Plaintiff Markel Insurance Company ("MIC") seeks a declaratory judgment that Defendant Edward Hollandsworth is not entitled to coverage under the uninsured/underinsured motorist ("UM/UIM") portion of his employer's insurance policy (the "Policy"). (ECF No. 1.) Hollandsworth filed counterclaims seeking a declaratory judgment that he is entitled to coverage under the Policy, as well as claiming breach of contract and statutory bad faith breach of an insurance contract under Colorado Revised Statutes §§ 10-3-1115 & -1116. (ECF No. 12.)

Now before the Court are the parties' cross motions for summary judgment. The parties seek clarity from this Court about whether Hollandsworth may recover under the UM/UIM portion of his employer's Policy in addition to the workers' compensation scheme. (ECF Nos. 23 & 24.) MIC also seeks summary judgment in its favor on Hollandsworth counterclaims for breach of contract and statutory bad faith breach of an insurance contract. (ECF No. 24 at 11–12.) For the reasons discussed below, the

Court finds as a matter of law that Hollandsworth is not entitled to coverage under the Policy. The Court thus will grant MIC's Motion for Summary Judgment (ECF No. 24), deny Hollandsworth's Motion for Summary Judgment (ECF No. 23), direct entry of judgment for MIC, and terminate the case.

## I. BACKGROUND

The material facts are not disputed. The following summary is drawn from the undisputed facts of the parties' motions and exhibits submitted in support thereof.

Hollandsworth's employer, Southern Colorado Rural Emergency Medical Services, Inc. d/b/a Med Trans Ambulance ("Southern Colorado"), maintained the Policy through MIC. (ECF No. 23 at 2, ¶¶ 1–2; ECF No. 24 at 2–3, ¶¶ 1, 5, 6.) The Policy included commercial automobile insurance and UM/UIM insurance coverage in the amount of $300,000. (ECF No. 23 at 3, ¶ 10; ECF No. 24 at 2, 4, ¶¶ 1, 8.) The UM/UIM portion of the Policy states that MIC will "pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" (ECF No. 23 at 3, ¶ 11; ECF No. 24 at 3, ¶ 3.) The Policy states that MIC "will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits, or similar law." (ECF No. 24 at 3, ¶ 4; ECF No. 24-1 at 51.)

On July 13, 2015, Hollandsworth was in a automobile accident at work while riding as a passenger in a Southern Colorado ambulance, which was insured under the Policy and driven by Donald Cook, another employee of Southern Colorado. (ECF No. 23 at 2–3, ¶¶ 1, 3–5, 8; ECF No. 24 at 3, ¶¶ 5–6.) The "accident arose out of and during the course of both Mr. Hollandsworth's and Mr. Cook's employment with

Southern Colorado." (ECF No. 23 at 3, ¶ 6; ECF No. 24 at 3, ¶ 5.) Following the accident, Hollandsworth claimed and received workers' compensation benefits. (ECF No. 23 at 3, ¶ 7; ECF No. 24 at 4, ¶ 7.)

On or around June 1, 2018, Hollandsworth notified MIC that he had "incurred serious injuries as a result of the negligence of [MIC's] insured [Mr. Cook]," that he sought UM/UIM benefits under the Policy, and that his injuries and damages likely exceeded the $300,000 limit for UM/UIM benefits under the Policy. (ECF No. 24 at 4, ¶ 8; ECF No. 23 at 3–4, ¶ 11.) MIC acknowledged the claim and advised Hollandsworth that it would investigate the claim subject to a reservation of rights. (ECF No. 23 at 4, ¶ 13; ECF No. 24 at 4, ¶ 9.) MIC then filed this declaratory judgment action.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to the factfinder or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000). A fact is "material" if, under the relevant substantive law, it is essential to the proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if

the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

The Court has diversity jurisdiction over this lawsuit (*see* ECF No. 1 ¶¶ 1–4), and thus applies Colorado law.

The Colorado courts have addressed the interplay of the Colorado Workers Compensation Act, Colo. Rev. Stat. §§ 8-41-101 *et seq.* ("WCA"), and Colorado's UM/UIM statute, Colo. Rev. Stat. § 10-4-609, several times, although never the precise question before the Court. "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003). The Court therefore reviews the relevant statutes and case law.

The purpose of the WCA is to "assure the quick and efficient delivery of disability and medical benefits to injured workers . . . without the necessity of any litigation." Colo. Rev. Stat. § 8-40-102. The WCA provides "exclusive remedies for employees

4

suffering work-related injuries" and the exclusive remedy provisions "bar civil actions in tort against an employer for injuries that are compensable under the Act." *Horodyskyj v. Karanian*, 32 P.3d 470, 474 (Colo. 2001). Thus, an "employer that has complied with the [WCA] is granted immunity from common-law actions for damages." *Id.* "Co-employees are also immune from suit for injuries to a fellow employee arising out of the scope of employment." *Am. Family Mut. Ins. Co. v. Ashour*, 410 P.3d 753, 757 (Colo. App. 2017) (citing *Kandt v. Evans*, 645 P.2d 1300, 1304–05 (Colo. 1982)).

Colorado's UM/UIM law requires that all automobile insurance policies insuring against loss offer UM/UIM coverage intended to cover the difference, if any, between the limit of a tortfeasor's legal liability coverage and the amount of damage to the injured party, up to the policy limit. *Ashour*, 410 P.3d at 757. UM/UIM policies provide coverage for those who are "legally entitled to recover" or "legally entitled to collect" from uninsured or underinsured drivers. Colo. Rev. Stat. § 10-4-609(1) & (4); *Ashour*, 410 F.3d at 757. In enacting the UM/UIM statute, the Colorado legislature intended to both "protect the public from the devastating financial loss that a traffic accident victim can incur" and "provide a mechanism through which an insured could purchase insurance coverage against loss caused by the negligent conduct of a financially irresponsible motorist." *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 98 (Colo. 1995).

In *McMichael*, an employee was injured on the job by an underinsured third-party tortfeasor, and sought to recover under his employer's UM/UIM policy. *Id.* at 94. The Colorado Supreme Court held that the injured employee was entitled to benefits under

5

both the workers' compensation scheme and his employer's UM/UIM policy. The court explained that the UM/UIM "benefits substitute for benefits that [the injured employee] would have received from the motorist who caused his injuries. The benefits do not constitute workers' compensation benefits and do not result because of a suit brought by [the injured employee] against [his employer]." *Id.* at 100. The court noted that the workers' compensation statute "does not bar [the injured employee] from bringing a tort action against the driver who caused the accident." *Id.* at 100 n.7. Thus, where a suit against the tortfeasor is permitted, an employee injured on the job is entitled to benefits under both the workers' compensation scheme and the employer's UM/UIM policy.

In *Continental Divide Insurance Co. v. Dickinson*, an independent contractor was injured on the job in a vehicle accident. 179 P.3d 202, 203–04 (Colo. App. 2007). Under Colorado law, the independent contractor was eligible to receive $15,000 from the employer for the work-related injury. *Id.* at 204. Thereafter, the injured contractor sought to recover under the employer's UM/UIM policy. The court noted that the independent contractor had opted out of the employer's workers' compensation policy and had failed to procure his own workers' compensation insurance. *Id.* at 203–04, 208. The court found that WCA explicitly limited the independent contractor's recovery to the statutory $15,000, and thus he was not legally entitled to recover damages in excess of $15,000 for a work-related injury. *Id.* at 205. The court relied on the WCA's statutory objective of the independent contractor coverage provisions, which barred claims by independent contractors who choose to reject coverage, thereby encouraging them to obtain coverage. *Id.* at 207. Thus, an independent contractor injured on the

job who fails to independently procure appropriate insurance is not entitled to benefits under the employer's UM/UIM policy.

In *Ashour*, an employee was injured by a coworker during the course of his employment, and sought to recover under his own UM/UIM policy. 410 P.3d 753. The court found that the injured employee was entitled to recover under the workers' compensation scheme and his own UM/UIM policy, even though the WCA barred the employee from recovering directly from the employer. *Id.* It concluded that a broad interpretation of the phrase "legally entitled to recover" was consistent with the underlying policies of the WCA and the UM/UIM statute, and merely required showing that the uninsured/underinsured motorist was at fault. *Id.* at 764; *see Borjas v. State Farm Mut. Auto. Ins. Co.*, 33 P.3d 1265, 1269 (Colo. App. 2001) (permitting an injured motorist to recover under his own UM/UIM policy after an automobile accident with a police officer, who was statutorily immune under the Colorado Governmental Immunities Act).

The *Ashour* court emphasized that "the fact that [the injured employee] sought recovery under his *own* insurance policy is critical," because it "would not in any way affect the immunity provided to his employer and co-employee by the [WCA]." *Ashour*, 410 P.3d at 762, 765 (emphasis added). Indeed, the court distinguished *Dickinson* on the grounds that Dickinson chose not to be covered by his employer's workers' compensation policy and not to protect himself with his own insurance, but nonetheless sought recovery of UM/UIM benefits from his employer's policy. *Id.* at 762 ("*Dickinson* is also distinguishable from a policy standpoint.").

7

Most recently, after briefing on the pending cross motions was complete, the Colorado Court of Appeals considered whether an employee injured by a coworker driving a third coworker's vehicle was entitled to UM/UIM benefits under the third coworker's UM/UIM policy. *Ryser v. Shelter Mut. Ins. Co.*, 2019 WL 2454861, at *8–9 (Colo. App. June 13, 2019). The court reviewed the *McMichael*, *Dickinson*, and *Ashour* opinions. *Id.* at *4. The court observed that *Ashour* had interpreted the "legally entitled to recover" language based on policy considerations, rather than the plain, unambiguous language of the statute. *Id.*[1] It also distinguished *Ashour* on the grounds that Ashour sought to recover under his own insurance policy, rather than the policy of a statutorily immune party. *Id.* at *8.

The *Ryser* court looked at the plain meaning of "legally entitled to recover," and concluded that "because of coworker immunity, under either the broader or narrower definition, [the injured employee] cannot recover from [the driving coworker]," and thus the injured employee was not entitled to UM/UIM benefits. *Id.* at *5. The court recognized that its interpretation of the phrase created tension with prior appellate court decisions but "[left] for another division or our supreme court to decide whether our

---

[1] Indeed, it appears that Colorado courts' analysis of the "legally entitled to recover" language is driven more by policy considerations than the actual text of the statute. A close look at the cases suggests that the courts have interpreted the "legally entitled to recover" language either narrowly or broadly, depending on the steps the claimant took to protect against risk. Thus, in *Ashour* and *Borjas*, despite the statutory immunity of the tortfeasor, the courts allowed recovery because the injured individuals took steps to protect themselves against the risk of uninsured or underinsured drivers, consistent with the statutory purpose of the UM/UIM statute. *Ashour*, 410 P.3d at 762; *Borjas*, 33 P.3d at 1269. However, in *Dickinson*, where the injured independent contractor had failed to procure insurance either through his employer or otherwise, the court did not reallocate the burden of insurance to an otherwise immune party. *Dickinson*, 179 P.3d at 208. *See also Ryser*, 2019 WL 2454861, at *8–9.

interpretation of 'legally entitled to recover' would foreclose future claims like those in *Borjas* and *Ashour*." *Id.* at *8 n.5.

Finally, U.S. District Court Judge Raymond P. Moore of this District Court recently considered the precise question presented here, and concluded that an injured employee was not entitled to recover under his employer's UM/UIM policy. *Emp'r Mut. Cas. Co. v. Trejo*, 2019 WL 2341557, at *3 (D. Colo. June 3, 2019). The *Trejo* court reasoned that allowing the injured employee to "recover additional damages that derive from his immune employer and co-employee would erode the public policy behind the WCA." *Id.* at *2. Moreover, allowing recovery under the employer's UM/UIM policy would also erode the purpose of the UM/UIM statute because it would discourage individuals from purchasing their own insurance. *Id.* The *Trejo* court thus found, as a matter of law, that the injured employee was not entitled to recover under the employer's UM/UIM policy. *Id.* By contrast, the court explained, in *Ashour*, the public policies of the WCA and UM/UIM statue "could both be served," and thus the injured employee could make a claim on his *own* UM/UIM policy. *Id.*

Hollandsworth heavily relies on *Ashour*, and argues that the "only difference between this case and *Ashour*"—namely, that Hollandsworth seeks to recover under Southern Colorado's UM/UIM Policy rather than his own—"does not alter the analysis." (ECF No. 23 at 9.) The Court disagrees; the difference in who procured the UM/UIM policy is dispositive. As Judge Moore explained in *Trejo*, allowing Hollandsworth to recover under Southern Colorado's UM/UIM Policy would allow Hollandsworth to

9

recover additional damages that stem from his immune employer, and thus erode the public policies of the WCA and UM/UIM statute. *See Trejo*, 2019 WL 2341557, at *2.

The opinions of the Colorado appellate courts support this conclusion. *Ryser* and *Dickinson* also conclude that an injured employee cannot recover under the UM/UIM policy of an individual legally immune from suit under the WCA. *Ryser*, 2019 WL 2454861, at *8; *Dickinson*, 179 P.3d at 208. *Ashour*'s emphasis on the injured employee having procured his own insurance suggests to this Court that other Colorado courts would likewise rely on this distinction, consistent with *Ryser* and *Dickinson*. *See Ashour*, 410 P.3d at 762–73.

The Court therefore predicts that, if presented with the question joined in this action, the Colorado Supreme Court would hold that an employee injured during the course of employment cannot claim benefits under his or her employer's UM/UIM policy in addition to workers' compensation. In that light, Hollandsworth cannot claim benefits under Southern Colorado's UM/UIM Policy issued by MIC. The Court thus grants MIC's Motion for Summary Judgment in its favor as to the request for a declaratory judgment, and denies Hollandsworth's Motion for Summary Judgment for the same relief.

Given the Court's conclusion that Hollandsworth is not entitled to coverage as a matter of law, Hollandsworth's counterclaims—namely, breach of contract and statutory bad faith of insurance contract—also fail as a matter of law. *See MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1192–93 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the

denial of coverage."); *see also Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, 679 F. App'x 705, 710 (10th Cir. 2017). The Court thus grants the remainder of MIC's Motion for Summary Judgment.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Markel Insurance Company's Motion for Summary Judgment (ECF No. 24) is GRANTED;

2. Defendant Edward Hollandsworth's Motion for Summary Judgment (ECF No. 23) is DENIED;

3. Judgment shall enter in favor of Plaintiff and against Defendant, and Plaintiff shall have its costs upon compliance with D.C.COLO.LCivR 54.1; and

4. The Clerk shall terminate this action.

Dated this 8th day of August, 2019.

BY THE COURT:

William J. Martínez
United States District Judge